UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 1:22-CR- |
| | : | |
| v. | : | |
| | : | (Judge            ) |
| **TAMI MATELJAN**, | : | |
| | : | |
| Defendant. | : | |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
18 U.S.C. § 1349
(Wire Fraud Conspiracy)

I.   **Background**

At times material to this Information:

1.     Defendant TAMI MATELJAN was a resident of York, Pennsylvania, within the Middle District of Pennsylvania.

2.     The United States government has taken steps to slow the spread of the coronavirus (COVID-19) pandemic, and to mitigate its impact on the public's health and economic well-being.

3.     On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law.  The CARES Act

created the Pandemic Unemployment Assistance (PUA) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4.     The PUA program was administered by the various states, including Colorado and Ohio, but its benefits were funded in part by the federal government.  The PUA application process varied by state.

5.     In Colorado, the Colorado Department of Labor and Employment administered the PUA program.

6.     In Ohio, the Ohio Department of Job and Family Services administered the PUA program.

7.     For Colorado and Ohio, PUA claims were submitted online through the PUA website maintained by the respective state agency listed above.  The PUA applicant entered personal identification information, including but not limited to name, social security number, and address.  An applicant also answered a series of questions that enabled the state agency to determine the applicant's eligibility and payment amount.

8.    An applicant was eligible to receive PUA benefits only if he or she was unemployed for reasons related to the COVID-19 pandemic and was available to work.

## II.    Statutory Allegation

9.    From on or about October 15, 2020, through on or about December 1, 2020, within the Middle District of Pennsylvania and elsewhere, the defendant,

### TAMI MATELJAN,

knowingly and unlawfully combined, conspired, confederated and agreed with other persons known and unknown to the United States Attorney to knowingly devise and intend to devise a scheme and artifice to defraud the State of Colorado, the State of Ohio, and the United States and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, and attempting to do so, to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## III.   Manner and Means

It was part of the conspiracy that:

10.   Between on or about November 5, 2020, and on or about November 17, 2020, one or more conspirators submitted and caused to be submitted multiple applications for PUA benefits to the Colorado Department of Labor and Employment through the use of the internet and interstate wires.  The applications contained materially false statements and representations, including by using without authorization the names and personal information of other individuals, stating that the person named in the application resided in Colorado, and stating that the person named in the application was unemployed due to the COVID-19 pandemic.

11.   Between on or about November 13, 2020, and on or about November 24, 2020, as a result of the applications referred to in the preceding paragraph, six payments from the Colorado Department of Labor and Employment were transferred through interstate wires to two Wells Fargo Bank accounts owned and controlled by MATELJAN. The payments totaled approximately $5,192.

4

12.     Between on or about October 15, 2020, and on or about December 1, 2020, one or more conspirators submitted and caused to be submitted multiple applications for PUA benefits to the Ohio Department of Job and Family Services through the use of the internet and interstate wires. The applications contained materially false statements and representations, including by using without authorization the names and personal information of other individuals, stating that the person named in the application resided in Ohio, and stating that the person named in the application was unemployed due to the COVID-19 pandemic.

13.     Between on or about October 31, 2020, and on or about December 1, 2020, as a result of the applications referred to in the preceding paragraph, four payments from the Ohio Department of Job and Family Services were transferred through interstate wires to a PayPal account owned and controlled by MATELJAN. The payments totaled approximately $3,235.

14.     MATELJAN used a portion of the PUA funds placed in her bank and/or PayPal accounts for her own benefit.

5

15.    MATELJAN transferred a portion of the PUA funds placed in her bank and/or PayPal accounts to a Cash App account that she owned and controlled.  MATELJAN used the funds transferred to her Cash App account to purchase Bitcoin.  MATELJAN subsequently transferred the purchased Bitcoin to Bitcoin wallet addresses provided to her by other conspirators who resided in other countries, including Nigeria.

In violation of Title 18, United States Code, Section 1349.

JOHN C. GURGANUS
United States Attorney

_____              _3/4/2022_____
CARLO D. MARCHIOLI                      Date
Assistant United States Attorney

6